# Maule *against* Pleiss.

A firm being large dealers in watches and jewelry, and having at all times a large stock on hand, accepted an order to pay $100 in watches, or a watch, as may suit a purchaser. *Held* that the necessary presumption was that it was the understanding of the parties that they would satisfy the order out of their stock of watches on hand when the order should be presented, and that the holder had no right to insist on a description of watches which the firm happened not to have at the time, and could only procure by sending elsewhere.

ERROR to the District Court for the city and county of *Philadelphia.*

Assumpsit by John M. Pleiss against Caleb Maule, in which a verdict and judgment were rendered for the plaintiff. It was brought on two drafts, one for $100, the other for $50, on which there were special counts and the common counts for goods sold and delivered. The defendant, Maule, had the following draft in his hands :

$453.03

*Philadelphia, Dec. 15th,* 1834.

On demand please pay to the order of Caleb Maule, four hundred and fifty-three dollars and three cents, one-

[Maule v. Pleiss.]

half in watches and one-half in jewelry, and charge the same to Wm. Pusey.                                                    J. MORTON.

To Messrs. THIBAULT & BROTHERS.

The following endorsements were on it when the acceptances hereafter mentioned were given.  The two last were then made by Thibault & Brothers:

|  |  |
|---|---|
| Paid on account of the within . . . . . . . . . | $200 00 |
| Paid     do.     do.     . . . . . . . . . | 40 75 |
| Paid in order accepted . . . . . . . . . . . | 100 00 |
| Paid in     do.     . . . . . . . . . . | 50 00 |

The balance of this order to be paid in jewelry, such as we have in the store belonging to

THIBAULT & BROTHERS.

The defendant gave the plaintiff the two following orders, on which this suit was brought:

THIBAULT & BROTHERS:
On demand please pay John M. Pleiss, or order, fifty dollars, in such jewelry as may suit the purchaser, and charge the same to account of due bill dated 15th Dec. 1834.

April 18th, 1836.                                          C. MAULE.

Accepted, THIBAULT & BROTHERS.

THIBAULT & BROTHERS:
On demand please pay John M. Pleiss, or bearer, one hundred dollars in watches, or a watch, as may suit a purchaser, and charge the same to account of me as per due bill dated Dec. 15th 1834.

April 18th, 1836.                                          C. MAULE.

Accepted, THIBAULT & BROTHERS.

The plaintiff called John Sizer, who stated that he had the order for $100 in his possession, which he got from the plaintiff, Pleiss.  He wanted a watch, and presented the order to Thibault & Brothers. Thibault had no gold watch to suit him, but said he expected his son to arrive soon from Washington with some watches, and promised to get him such a watch as he wanted.  The witness called again, and wanted a patent lever gold watch.  Thibault told him they had none and could not get one.  Witness called a third time.  When his son arrived, Thibault told the witness his son had sold all the lever watches.  He thought he afterwards saw Thibault, who promised to get him one, but did not do so.  The witness got tired and returned the order to Pleiss.  It was four or five days after getting the order that he called on Thibault. The $100 order was got purposely for him by Pleiss from Maule. Thibault never made objections to the order.  The witness never saw the other order.  On his cross-examination he stated he had

the order in his possession a few weeks. It was accepted by Thibault & Brothers when he received it from Pleiss. He went immediately to Messrs. Thibault after receiving it. He saw no watches there. He looked at some china, but selected none to be paid for by the order.

The plaintiff then offered in evidence the following note, addressed by the defendant to the plaintiff, dated Sept. 19 1836 :

" I have *saw* Thibault & Brothers,.as you requested me. They say that if you will wait 15 days, they will furnish a watch that will suit, or they will immediately give you an order on a wholesale liquor store for $100. For further information apply to them, or I shall be at the court-house to-morrow morning about ½ past 10 o'clock."

The defendant objected to this evidence, but the objection was overruled and an exception sealed.

The defendant then called F. Thibault, who testified that Pleiss first presented the $100 order to Thibault and Brothers. He wanted a particular kind of watch which they had not in the store. This was two or three days after the date of the order. He showed Pleiss all the watches they had and urged him to take something for it, which he declined. They had $5000 or $10,000 worth of gold and silver watches on hand at the time. Pleiss selected none. Some time afterwards Sizer called with the order and wanted a particular kind of watch which they had not. After calling several times, he chose a set of French china, which was laid by for him. It remained two weeks without his calling for it. Witness then sold it. He recollected telling Sizer he might find something to suit when his son arrived from Washington. Sizer found no watch to suit after the son's return. Pleiss often called afterwards, and witness offered to give him an order on a liquor store. He thought Pleiss presented the $100 order to him for acceptance. He presented the original order or due-bill to him to have the amount of this order endorsed thereon. They continued in business a year after Pleiss called.

On his cross-examination he stated that Sizer called three or four months after the order was accepted and asked for a patent lever watch. He could not recollect whether he showed him such a watch. He called several. times in two or three months. As near as witness recollected, he asked for a lever watch every time. He could not recollect whether they had any lever watches. Sometimes they had three lever to one French watch; but he could not say how their assortment was at that time. He told Sizer if they got any to suit him he should have it. He never bound himself to go and buy him a particular watch. He did not recollect whether he showed him the watches his son brought from Washington. He or his son was always in the store. The order was accepted by him at their store. He asked Pleiss to take jewelry for the $50 order, which he refused.

[Maule v. Pleiss.]

The plaintiff then recalled Sizer, who stated that he asked for a gold patent lever watch but was never shown such. ·

The court charged the jury as follows:

" As to the $100 order, if Thibault & Brothers, when called upon, refused or omitted to deliver a watch or watches as mentioned in the order, and Maule was informed within a reasonable time of such neglect or omission, the plaintiff may recover the amount with interest under the declaration filed. ·As no original consideration is shown, the plaintiff must recover on this ground or he cannot recover at all. I have been requested by the defendant to charge that Thibault & Brothers, having offered to the plaintiff a large number of watches to select from, were not bound to do more, and the plaintiff ought to have taken payment in one of the number of watches offered.

I decline ruling the whole case in favour of the. defendant on this point as mere matter of law, as it involves considerations of fact; but I submit to the jury to decide whether the current and ordinary stock of watches of Thibault & Brothers was or was not in the view of the parties; and referring to the whole evidence, and particularly to the general knowledge which the parties had of the situation and extent of that stock, whether Thibault & Brothers were or were not ready and willing to deliver on demand such a watch or watches as the parties contemplated by the order. If they were, and the plaintiff refused such a watch or watches, he cannot recover on this order.

As to the $50 order, the plaintiff cannot recover, as he has failed to prove either a demand or an original consideration."

The defendant excepted:

1. To so much of the charge as related to the sufficiency of the declaration.

2. To so much as contained the refusal of the judge to rule the case in favour of the defendant on the point submitted by him.

Errors assigned:

1. The court erred in admitting as evidence to affect the defendant, the paper dated Sept. 19 1836, signed C. M. .

2. In charging that " as to the $100 order, if Thibault & Brother, when called upon, refused or omitted to deliver a watch or watches as mentioned in the order, and Maule was informed within a reasonable time of such neglect or omission, the plaintiff may recover the amount with interest under the declaration filed. As no original consideration is shown, the plaintiff must recover on this ground or he cannot recover at all."

3. In declining to charge—that Thibault & Brothers, having offered to the plaintiff a large number of watches to select from, were not bound to do more; and that the plaintiff ought to have taken payment in one of the number of watches offered him.

*Hopkins,* for the plaintiff in error, referred to 1 *Steph. N. P.* 763.

[Maule v. Pleiss.]

*I.* *Norris,* contra, cited 2 *Miles* 187; 10 *Watts* 110; 7 *Ib.* 382; 7 *Wend.* 311.

The opinion of the Court was delivered by

KENNEDY, J.—Were there no other matter assigned for error in this case than the admission of the evidence mentioned in the bill of exception, I do not know that we would reverse the judgment on account of it; because it is not easy to imagine that the jury could have been misled by it so far as to believe that the liability of the defendant to pay the plaintiff's claim was either sustained or strengthened by it. It, at most, only evinced an anxiety on the part of the defendant to have the plaintiff satisfied, through Thibault & Brothers, with such articles as he seemed to wish. But we think the court erred in their instruction to the jury as to the construction which ought and must be given to the order drawn by the defendant in favour of the plaintiff for $100 worth of watches on Thibault & Brothers. The drawing of this order and the refusal of Thibault & Brothers to satisfy it in such watches or watch as the plaintiff or the person to whom he passed it, after it had been accepted by Thibault & Brothers, chose to demand, formed the grounds upon which the plaintiff sought to recover from the defendant. The court, instead of putting a construction on the order and directing the jury in respect to it, referred it to the jury to put such construction on it as they should think comported best with the intention of the parties under the circumstances given in evidence. Thibault & Brothers were, at the time the order was drawn, large dealers in watches and jewelry, and having at all times a large stock of such goods and wares on hand, the reasonable if not necessary presumption is, that the understanding of the parties at the time the order was drawn, was that Thibault & Brothers should satisfy it by giving to the plaintiff, out of their stock of watches on hand when the order should be presented to them, the amount thereof, and if they offered to do this, the plaintiff should be bound to accept thereof. This Thibault & Brothers, as it appears from the evidence, were willing and offered at all times to do, but the plaintiff or the person to whom he gave the order, declined to accept of and insisted upon having the order paid in a description of watches which Thibault & Brothers happened not to have at the time and could only procure by going or sending elsewhere and buying them, for the special purpose of satisfying not the order but the demand of the plaintiff or the holder of it. This, as it appears to us, the plaintiff or holder of the order had no right to expect, much less to demand; for it would be contrary to the ordinary and general practice and course of doing such business and therefore unreasonable.

Judgment reversed, and a *venire de novo* awarded.